NATIONAL EXCHANGE BANK v. HARTFORD, PROVIDENCE AND
FISHKILL RAILROAD COMPANY.

8   375
9   134
8   375
19  154

It is settled by the current of American authorities, that a coupon-bond is nego-
tiable, and that its coupons may be detached and negotiated separately by
simple delivery, and sued on separately from the bond, and this after the bond
itself has been paid and satisfied, as well as before.

A coupon, once detached and negotiated, ceases to be a mere incident of the
bond, and becomes an independent claim, and its amount, with interest after
demand of payment, is recoverable under a general count in debt.

ACTION of debt for the recovery of the sum of four hundred
and twenty dollars and interest, being the aggregate amount of
twelve coupons or interest-warrants, of thirty-five dollars each,
numbered from 1277 to 1288 inclusive, and originally attached
to bonds of corresponding numbers of the defendant corporation,
and being the half-yearly interest thereon payable on the first
day of July, 1858, at the office of the defendant corporation, in
Hartford, on the delivery of the coupons.

The declaration contained a special count on each of the bonds
and coupons or interest-warrants, and, also, a general count in
debt for interest. In each of the special counts it was alleged,
in substance, that the defendant corporation, on the first day of
December, A. D. 1853, by its writing obligatory of that date,
acknowledged itself to be indebted in the sum of one thousand
dollars, for borrowed money, to Thomas P. Williams, W. H.
Imlay and D. F. Robinson, trustees, to be paid to          , or
bearer, on the first day of January, A. D. 1864, with interest at
the rate of seven per cent. per annum, payable half-yearly, on
the first day of January and the first day of July, in each year,
at the office of the defendant corporation, in Hartford, on deliv-
ery of the warrant therefor annexed to said writing obligatory;
that, at the date of said writing obligatory, there was annexed
thereto an interest-warrant for thirty-five dollars, being the half-
yearly interest on said writing obligatory, numbered     , paya-
ble on the first day of July, A. D. 1858, at the office of the
defendant corporation, in said Hartford, on the delivery of said

interest-warrant; that, on the first day of January, A. D. 1854, the Exchange Bank became, and were, the holders and bearers of said writing obligatory, and of the interest-warrant thereto annexed, and whilst such holders and bearers, on the first day of July, 1858, detached the said interest-warrant from the said writing obligatory, and, as the owners, holders and bearers of said interest-warrant, held the same until the delivery thereof, under the provisions of chapter 535 of the public laws of the State, to the plaintiffs, who thereafter and at the date of the plaintiffs' writ, were the owners, holders and bearers of said interest-warrant; that, on the first day of July, 1864, the said Exchange Bank, upon payment of said sum of one thousand dollars mentioned in said writing obligatory, delivered the same to one H. T. Sperry; and that, afterwards, on the sixteenth day of September, 1864, the said Exchange Bank, being then the owners, holders and bearers of said interest-warrant, presented the same to the treasurer of the defendant corporation, at its office in said Hartford, and demanded payment thereof, which was refused; whereby an action accrued to the plaintiffs to recover of the defendant corporation the several sums of money mentioned in the special counts in said declaration, being the sum of four hundred and twenty dollars and interest thereon. In a general count it was alleged that the defendant corporation, at the date of the plaintiffs' writ, was indebted to them in one other sum of eight hundred dollars for interest.

The defendants demurred to the declaration, alleging, for special causes, that the plaintiffs are not owners of any of the bonds mentioned, but that the same had been paid by, and surrendered to, the defendant corporation, prior to the commencement of this action.

*Currey, for the defendants :*—

I. No action can be maintained on bonds which have been paid and surrendered,—of which the plaintiffs have not the possession, nor any right of possession, and in which they have no legal interest. 1. The action is on the bonds. It could not be upon the interest-warrants. Neither debt nor assumpsit could be maintained on them. They neither express nor imply any

obligation or promise of payment of any kind. In the hands of the bondholder they are merely certificates of a liability upon the bonds. In the hands of the bondmaker they would be vouchers that that liability has been discharged. 2. The bonds would be as perfect legal obligations for the half-yearly interest without the coupons as with them; the coupons are nothing more than memoranda of reference to that liability. *Crosby* v. *N. L. & N. R. R.* 26 Conn. 121; *Rose* v. *Bridgeport,* 17 Ib. 243. 3. The bonds are negotiable, and the coupons pass with them only as convenient accessories. They have no negotiable quality in themselves, and they are not negotiable in form. Separate from, or attached to, the bonds, they have no legal property of any kind whatsoever. 4. The action, then, being exclusively on the bonds, it is not maintainable, because the bonds have been paid and given up. 1 Chit. Plead. 365.

The cause assigned for want of profert is not legally sufficient. It is not alleged that they are lost or destroyed, or that they are wrongfully withheld by the defendants. On the contrary, the reason assigned for want of profert, i. e., payment by, and surrender to, the defendants, is a perfect discharge of the action. It is said, indeed, that they were delivered to one H. T. Sperry, but the declaration describes the same H. T. Sperry as treasurer of the defendant corporation. It is sufficient, however, that the bonds have been paid, and that the plaintiffs have parted with all legal interest in them, to whomsoever they have been surrendered.

The bonds having been paid and surrendered, every legal presumption, arising from this admission in the declaration, favors the conclusion that the interest-warrants were intended to be surrendered with them. The interest-warrants having no legal operation or effect in themselves, and being merely collateral or accessory to the bonds, it is an obvious legal intendment that either the surrender or assignment of the bonds must pass the interest-warrants with them.

*Eames, for the plaintiffs:*—

I. Railroad bonds, payable to bearer, with coupons for interest annexed, are negotiable instruments, transferable by delivery,

and the holder thereof may maintain an action thereon in his own name. *Ide* v. *the Passumsic and Connecticut River Railroad Co.* 32 Vt. 297 ; *Morris Canal and Banking Co.* v. *Fisher,* 1 Stockton (N. J. Ch.), 667, 698–700 ; *Chapin* v. *Vermont and Massachusetts Railroad Co.* 8 Gray, 595 ; *Carr* v. *Le Fevre,* 27 Penn. 413, 418 ; *Mechanics Bank* v. *New York and New Haven Railroad Co.* 3 Kernan (N. Y.), 599 ; *Hollingworth* v. *City of Detroit,* 3 McLean, 472 ; *White* v. *the Vermont and Massachusetts Railroad Co.* 21 Howard, 575, 577 ; Redfield on Railways, 596, § 239, and cases cited ; 1 Parsons on Contracts, 290, 291, and cases cited.

II.   The coupons or interest-warrants attached to these bonds are negotiable.   They are so annexed that they may be detached and circulated separately from the bonds, and were intended to pass by delivery, and the holder may maintain an action thereon in his own name, without the production of the bonds.   1. The bond is payable to bearer.   The coupon is a part of the bond, and is therefore also payable to bearer by the express terms of the bond.   2. Neither the production of the bond, or any evidence that the person who presents the coupon is the holder of the bond, is required.   The coupon, therefore, by necessary implication from its express terms, is payable to the holder or bearer thereof, whether the owner or holder of the bond, or not. *Connecticut M. L. M. Co.* v. *C. C. and C. Railroad Co.* 41 N. Y. 921, 922 ; *Ide* v. *Passumsic and Connecticut River Railroad Co.* 32 Vt. 297, 299 : *Commissioners of Knox County* v. *Aspinwall et als.* 21 Howard, 539, 546 ; see, also, 24 Howard, 371, and Id. 546, and 1 Black. 386 ; *County of Beaver* v. *Armstrong,* 44 Penn. (8 Wright), 63, 64, 69, 70 ; *Craig* v. *the City of Vicksburg,* 1857, referred to in Redfield on Railways, 596, § 239 ; 1 Parsons on Contracts, 290, 291 ; *Gelpcke* v. *City of Dubuque,* 1 Wal. S. C. U. S. 175–206 ; *Meyer* v. *the City of Muscatine,* 1 Ib. 384; 1 Ib. 291: *Seybert* v. *City of Pittsburg,* 1 Ib. 272 ; *Van Hostrup* v. *Madison City,* 1 Ib. 294 ; *Mercer County* v. *Hackett,* 1 Ib. 83 ; *Murray* v. *Lardner,* 2 Ib. 110 ; *Sheboygan Co.* v. *Parker,* 3 Ib. 93 ; *Thomson* v. *Lee County,* 3 Ib. 327.

III.   The plaintiffs could, upon the payment of the principal, surrender the bonds, either to H. T. Sperry or to the defendant

corporation, without prejudice to their claim for the amount of the interest-warrants.

IV. If these bonds and coupons are not separately negotiable, the action, upon the allegations in the declaration, may be maintained without the production of the bonds to which the coupons were attached.

V. The general indebitatus count for interest is sufficient in law to maintain the action for the amount of the interest-warrants. Debt lies whenever the demand, whether on a simple contract or a specialty, is for a sum certain, or capable of being reduced to a certainty. 1 Chitty's Pleadings (9 Am. ed.), 108. Also, for interest due on the loan, or forbearance of money. Ib. 109; *Mayor of New York.* v. *Butler,* 1 Barb. 325; *Smith* v. *Hartley,* 53 E. L. and E. 382. The action is substantially for the interest evidenced by the coupons which had accrued before the principal was paid. The interest was a part of the amount due on the bond. It has never been paid'; and it may be recovered under the general indebitatus count for interest. *Brooks* v. *Holland,* 21 Conn. 388, 390, 392.

VI. If the plaintiffs, upon the allegations in the declaration, cannot sustain the action, the defendant corporation will unjustly avoid a legal obligation. The bonds and coupons in this case are held by different persons. The holder of the bonds cannot recover the interest agreed to be paid, because, by the express terms of the bonds, the interest is only payable upon delivery of the coupons. Redfield on Railways, 596, § 239, n. 8. The special counts and the general count, each disclose a state of facts showing a substantive cause of action; and unless some imperative rule of law, applicable to the facts, compels the court to discharge the defendant corporation from its obligation to pay the amount of these interest-warrants to the plaintiffs, the demurrer ought not to be sustained.

DURFEE, J. We think it settled, by the current of American authority, that a coupon bond, like those set forth in the plaintiffs' declaration, is negotiable, and that its coupons are also negotiable, and may be detached and negotiated by simple delivery, and sued on separately from the bond. The Supreme Court

of the United States, in *White* v. *the Vermont and Massachusetts Railroad Co.* 21 How. 575, 577, held that such bonds were negotiable, basing their opinion on the intent to give them a negotiable character, as shown in the form in which they are issued and put in circulation, and on the usage and practice of business men dealing in them, as well as the decisions of the Courts. In *County of Beaver* v. *Armstrong*, 44 Penn. 63, it was held that the coupons of a railroad bond may circulate with the bond, or separately, and may be sued on entirely independently of the bond to which they were originally annexed. The case of *Commissioners of Knox County* v. *Aspinwall et als.* 21 How. 539, 546, is to the same effect. Mr. Justice Nelson, in delivering the opinion of the Supreme Court of the United States, in the latter case, says: "A question was made upon the argument, that the suit could not be maintained upon the coupons without the production of the bonds to which they had been attached. But the answer is, that these coupons or warrants for the interest were drawn and executed in a form and mode for the very purpose of separating them from the bond, and thereby dispensing with the necessity of its production at the time of the accruing of each installment of interest; and at the same time to permit complete evidence of the payment of the interest to the makers of the obligation." And see *Thompson* v. *Lee County*, 3 Wallace, 327, and cases cited on the plaintiff's brief.

In the case before us, it is argued that the action is on the bonds, and that it cannot be maintained because the bonds have been paid and surrendered. And, indeed, to sue on bonds which had been paid and given up would not be consistent with legal principle. But in this case the action is not on the bonds, but on the coupons, as separated from the bonds. The plaintiffs do, in the special counts of their declaration, set forth the bonds by way of inducement, but they found their claim on the coupons, expressly averring that the coupons had been detached before the bonds were paid and surrendered, and that they were subsequently presented by them as the owners and holders, as separate demands on the defendants, and payment refused. But even if the special counts were open to the objection made by

the defendants, there is, in the declaration, a general count in debt, under which the plaintiffs can prove their claim, which is not open to the objection.

It is further contended for the defendants, that the coupons have no validity except as accessories of the bonds, and that the bonds having been extinguished by payment, the coupons are also extinct. But, if it appears on the record that the bonds have been paid and surrendered, it also appears that the coupons had been previously detached; and having thus, according to the cases we have cited, lost their character as mere incidents of the bonds, and become an independent claim, we are of the opinion that the payment of the bonds could have no effect on their validity. Indeed, to hold otherwise would thwart, if not defeat, the very purpose for which the coupons were made separable from the bonds.

The demurrer should be overruled, and the plaintiffs have judgment for the amount due on their coupons, with interest from the time of demand.